Affirmed and Memorandum Opinion filed September 24, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00468-CR

_______________

 

SAUL ALFREDO GUZMAN, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

                                                                                     

On Appeal from the 174th District Court


Harris County, Texas

Trial Court Cause No. 1146350

                                                                                    


 

M E M O R A N D U M   O P I N I O N

Appellant, Saul Alfredo Guzman, was convicted of possession
with intent to deliver cocaine weighing between four and two-hundred grams.  In
two issues, appellant argues that the trial court improperly limited voir dire
examination and that he received ineffective assistance of counsel.  Finding no
reversible error by the trial court, we affirm.








Background

Around 2:50 a.m. on December 19, 2007, Officer Bobby Smith
and his partner, James Harris, encountered several men, including appellant,
drinking beer in a parking lot outside of a sports bar.  Appellant hurried into
the sports bar when he noticed the patrol car approaching.  The officers
followed appellant into the bar.  

Once inside, the officers saw appellant remove a clear
plastic bag containing a white powder from his shirt pocket and toss it into a
nearby trash can.  Smith recovered the bag from the trash can while his partner
detained appellant.  Testing determined that the white powder was cocaine.

Appellant was indicted for knowingly possessing between four
and two-hundred grams of cocaine with intent to deliver, a second-degree
felony.  See Tex. Health & Safety Code Ann. ' 481.115(d) (Vernon 2003).  During
voir dire, the trial court disallowed questions pertaining to community
supervision as a possible punishment because appellant had not verified his
motion for community supervision on file with the court.[1] 


The day after jury selection, appellant=s counsel explained in a bill of
exceptions that the motion was unsworn because he believed the clerk would
verify it.  At that point, the trial court announced that it would permit
appellant to swear to the motion, and appellant verified the motion.








The jury found appellant guilty of the charged offense.  At
punishment, after appellant presented evidence that he had not previously been
convicted of a felony, the court instructed the jury that it could recommend
that appellant be granted community supervision.  The jury apparently decided
against that option and instead sentenced him to seven years= imprisonment. 

On appeal, appellant argues that the trial court improperly
limited voir dire by not allowing him to question the jury panel about
community supervision.  He also claims that he received ineffective assistance
of counsel because his lawyer failed to ensure that the motion for community
supervision had been verified.  

Analysis

Limitation on Voir Dire 

In his first issue, appellant contends the trial court abused
its discretion by limiting appellant=s questioning of the venire during
voir dire.  Specifically, he claims that he was denied the opportunity to
question potential jurors about their willingness to impose community
supervision as a punishment in this drug-related offense.

 The most important purposes of voir dire are to expose juror
bias or interest warranting challenge for cause, and to elicit information
necessary for the intelligent use of peremptory challenges.  See Dhillon v.
State, 138 S.W.3d 583, 587 (Tex. App.CHouston [14th Dist.] 2004, pet.
struck).  A trial court may impose reasonable restrictions on the exercise of
voir dire examination.  Id. (citing Caldwell v. State, 818 S.W.2d
790, 793 (Tex. Crim. App. 1991), overruled on other grounds by Castillo v.
State, 913 S.W.2d 529, 534 (Tex. Crim. App. 1995)).  We review the trial
court=s limitation on the voir dire process
under an abuse-of-discretion standard and, as a threshold matter, must
determine whether appellant proffered a proper question on an appropriate area
of inquiry.  See Rhoades v. State, 934 S.W.2d 113, 118B19 (Tex. Crim. App. 1996). 








Appellant points to two places in the record where his
counsel allegedly attempted to question the venire about community
supervision.  In the first instance, counsel said, AThe next thing I wanted to cover was
punishment.  You=ve heard a lot about the range of punishment, first degree
felony, 5 to 99 years.  Well, there=s another option.@  At that point, the court asked
counsel to approach the bench.  A discussion took place off the record, and 
there was no mention of community supervision on the record.

The second alleged attempt occurred at the end of appellant=s allowed time for voir dire. 
Defense counsel said, AI would respectfully ask the Court for more time if they
[sic] Judge would allow me to get into other areas, but if not, I understand.@  The trial court responded by
saying, AThe Court=s ruled on it.@  The State argues that neither this
vague exchange nor counsel=s earlier statements preserved this issue for our review
because appellant failed to present the specific questions he intended to ask
the venire and obtain a ruling from the trial court.  We agree.

To preserve error about restrictions imposed during voir
dire, a party must be able to point to a specific question which the trial
court has not allowed to be answered.  See S.D.G. v. State, 936 S.W.2d
371, 380 (Tex. App.CHouston [14th Dist.] 1996, pet. denied) (citing Caldwell,
818 S.W.2d at 794).  Here, the trial court never had an opportunity to rule as
to one or more specific questions.  Thus, appellant has not preserved this
issue for our review because he failed to obtain an adverse ruling from the
trial court with regard to a specific question.  See id. 

Appellant contends that his argument was preserved by a bill
of exceptions made after the jury was selected.  However, like the earlier
statements, appellant=s bill did not include any specific questions that appellant
was prevented from asking.  Furthermore, appellant was required to make the
trial court aware of his complaint while there was still an opportunity for the
court to respond to it.  See Dhillon, 138 S.W.3d at 590.  Because
appellant waited until after the jury was selected and the remainder of the
venire released, there was nothing the trial court could have done at the time
of the bill to remedy the alleged error.  See id. at 591. 
Therefore, appellant=s bill was untimely and failed to preserve error.  See id.
 Accordingly, we overrule appellant=s first issue.  








Ineffective Assistance of Counsel

In his second issue, appellant argues that he received
ineffective assistance of counsel because his attorney failed to file a
properly sworn motion for community supervision prior to voir dire.  We apply a
two-pronged test to ineffective-assistance claims.  See Strickland v.
Washington, 466 U.S. 668, 687 (1984).  First, appellant must prove that
counsel=s performance was
deficient, falling below an objective standard of reasonableness.  See id.
at 687B88.  Second,
appellant must show that counsel=s deficient
performance prejudiced his defense.  See id. at 687.  This element
requires appellant to demonstrate a reasonable probability that, but for the
allegedly deficient representation, the result of the proceeding would have
been different.  See id. at 694.  Appellant bears the burden of proving
ineffective assistance by a preponderance of the evidence.  See Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

The State argues that a finding of ineffective assistance of
counsel in this case would require impermissible speculation as to the reasons
for counsel=s conduct because the record is silent with regard to the trial strategy
underlying the unverified motion.  We disagree.  








In his bill of exceptions, defense counsel explained that he
did not verify the motion for community supervision because he Athought it would be sworn by the
clerk.@  Therefore, the record in this case
cannot be regarded as silent on this point because counsel was given the
opportunity to explain his actions.  See Rylander v. State, 101 S.W.3d 107,
110B11 (Tex. Crim.
App. 2003).         Because the record provides the reasons for counsel=s actions, we turn
to the Strickland two-pronged test to determine whether appellant
received ineffective assistance of counsel.  We begin with a presumption of
effectiveness and cannot conclude, absent a showing of both counsel=s deficient
performance and resulting prejudice, that a defendant=s conviction
resulted from a breakdown in the adversarial process that renders the result
unreliable.  Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005)
(citing Strickland, 466 U.S. at 687).  Thus, if appellant fails to prove
either prong, we need not address the other prong.   See Hagens v. State,
979 S.W.2d 788, 793 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d).  

Here, appellant failed to demonstrate
prejudice because the trial court ultimately submitted community supervision as
an option to the jury.  Accordingly, we need not decide whether counsel=s failure to
verify a community-supervision motion constitutes Adeficient
performance.@  See id.

Despite counsel=s initial failure
to verify the motion, the trial court permitted appellant to correct the
omission following voir dire and further instructed the jury at punishment that
it was authorized to Arecommend that [appellant] be granted
community supervision.@  We must presume the jury followed the
court=s charge as given
and gave fair consideration to the possibility of community supervision when
deciding appellant=s punishment.  See Colburn v. State,
966 S.W.2d 511, 520 (Tex. Crim. App. 1998). 

Assuming, without deciding, that counsel=s failure to
verify the motion for community supervision fell below the standard of
professional reasonableness, appellant has not shown that in reasonable
probability the result would have been different had counsel filed a properly
verified motion.  Even though appellant did not question the venire about
community supervision during voir dire,[2]
the jury ultimately considered and rejected community supervision as a possible
punishment.  Consequently, appellant has failed to demonstrate that counsel=s performance
prejudiced his defense, and has therefore failed to prove ineffective
assistance as a matter of law.  See Strickland, 466 U.S. at 694; Hagens,
979 S.W.2d at 793.  We overrule appellant=s second issue.

 

 








Conclusion

Accordingly, the judgment of the trial court is affirmed.

 

 

 

/s/        Kent C. Sullivan

Justice

 

Panel
consists of Justices Seymore, Brown, and Sullivan.

Do Not
Publish C Tex. R. App. P. 47.2(b).









[1]           A defendant may be eligible for community
supervision only if he files a written sworn motion with the judge before trial
demonstrating that he has not been previously convicted of a felony and the
jury finds that the information in the motion is true.  See Tex. Code
Crim. Proc. Ann. art. 42.12 ' 4(e) (Vernon Supp. 2008).  





[2]           The potential jurors, however, were asked
during voir dire whether they would be able to consider the entire range of
punishment.